IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. EMERSON, <br> TDCJ No. 451863, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION H-13-2129 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Christopher J. Emerson, filed this habeas corpus petition under 28 U.S.C. § 2254. He is incarcerated in the Texas Department of Criminal Justice-institutional Division (TDCJ). He challenges a conviction and sentence under cause number 439,551 in the 351st District Court of Harris County, Texas. He was indicted for aggravated sexual assault and he pleaded not guilty. The jury found Petitioner guilty and sentenced him to thirty-five years imprisonment in the TDCJ.

Petitioner filed a prior federal habeas petition challenging the same conviction he challenges here. That prior federal habeas petition was dismissed as successive.

1

*See* Emerson v. Thaler, Civil Action No. 4:10cv3653 (S.D. Tex.). For the reasons that follow, the Court will also dismiss the pending petition as successive.

Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application that was not presented in a prior application if the claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is (a) based on a factual predicate that could not have been discovered previously through the exercise of due diligence, and (b) the facts underlying the claim, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty.

Petitioner appealed his conviction to the Texas Court of Appeals. The Court of Appeals affirmed the conviction on July 21, 1988. *Emerson v. State*, (Tex. App.-Houston [14th], pet. ref.) [No. 14-87-003-CR]. Petitioner filed a petition for discretionary review, which the Texas Court of Criminal Appeals refused on April 19, 1989. *See* PDR No. 1012-88 (Tex. Crim. App.). Petitioner states he filed a state application for a writ of habeas corpus on October 13, 1994, challenging his conviction. *See* Original Petition, p. 3, ¶ 11.

Construing his pleadings liberally, Petitioner raises these grounds in his federal

2

application:

>1. When the Supreme Court reaffirms a habeas dismissal for failure to exhaust state remedies, it is not successive; and federal courts are bound to follow the court's order upon applicant's return to federal court.
>
>2. Under a claim of fundamental miscarriage of justice, federal courts are bound to follow the Supreme Court's order on a "renewed" case.
>
>3. A habeas court must give the presumption of correctness to a state court determination of historical facts.
>
>4. New evidence is constitutionally sound if reliable expert evidence proves witness evidence to be unreliable.

Any claim that was raised in a prior federal application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1). Any claim that is new to federal court may only be heard if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3).

There is no allegation or showing that Petitioner sought or received authorization from the Court of Appeals to proceed in this Court as to any new claims. This case must be dismissed without prejudice as successive.

Accordingly, it is **ORDERED** this action be **DISMISSED** without prejudice to seeking authorization from the Court of Appeals to proceed in this Court on any new claims that the statute of limitations does not bar.

A certificate of appealability from a habeas corpus proceeding will not issue

where a denial of relief is based on procedural grounds, unless he shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001). A certificate of appealability will not issue.

SIGNED at Houston, Texas, on \_\_\_\_July 23\_\_\_\_, 2013.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE